In Re Willman Rodríguez Rivera, Justice of the Peace Court of Puerto Rico, Respondent.

No. FC-63-1.          Decided May 14, 1963.

*Rubén Rodríguez Antongiorgi* and *Martín Almodóvar* for respondent. *Francisco Espinosa,` Jr., Acting Secretary of Justice, José C. Aponte, Manuel J. Vera Mercado, Gerardo Méndez Correa, Manuel López Carrillo,* and *Juan Lorenzo· Rodríguez, Special Prosecuting Attorneys at Large,* for The People.

Mr. Justice Rigau delivered the opinion of the Court.

On January 24, 1963 the Secretary of Justice of Puerto Rico filed a complaint against the Justice of the Peace, Willman Rodríguez Rivera, consisting of nine counts, charging respondent, briefly, with having observed improper, reprehensible, and highly negligent conduct in the discharge of his office by authorizing and certifying falsely 300 oaths, under the affidavit numbers and on the dates mentioned in the complaint, in which oaths he set forth that the persons therein mentioned appeared before him and swore petitions for the registration of candidates of the political group known as Partido Acción Cristiana for the 1960 general elections.

After granting an extension to answer requested by respondent, he answered the complaint on March 21, 1963. In his answer respondent admits the facts charged, that his

actions did not conform to law, and by way of mitigation he informs that at the time of the facts he was 30 years old, had been in the discharge of his office for only four months, did not have experience in the discharge of those functions, did not receive any special training for the discharge thereof, is married and has three children, had enjoyed good reputation in the community, has suffered considerably as a result of this proceeding, and signifies his intention not to commit again any fault or negligence in the discharge of his functions. The experience acquired, he adds, will prevent him from committing again any violation of law.

Taking into consideration the intellectual and morally honest attitude of respondent in admitting his fault, the circumstances of the lack of experience and training for the functions upon which he entered early in his life, and his purpose to make amends, which we believe is honest, the complaint will be dismissed and respondent's suspension from office and pay will be decreed for the period he has been thus suspended and up to the date of this opinion.

Mr. Chief Justice Negrón Fernández did not participate, nor did Mr. Justice Hernández Matos.

---

Separate vote of MR. JUSTICE BLANCO LUGO in which MR. JUSTICE SANTANA BECERRA concurs.

In ordering the separation of respondent in *In re Ramos*, 86 P.R.R. 119 (1962), we said that "The seriousness of respondent's acts is evident especially when it is considered that not only is she a person who is acquainted with the law but also in her office as judge she is obliged to see to its strict compliance. It is easy to prove that they were not mere inadvertences or involuntary errors. The great number of instances in which she departed from the law reveal a line of conduct which constitutes open contempt of its provisions." Since I understand that in the present case the cir-

cumstances are different, as correctly stated in the last paragraph of the opinion, and especially that respondent did not have adequate legal training at the time of the facts imputed, I believe that a different result should be reached as to the scope of his separation from the office of Justice of the Peace and I concur in the limited suspension decreed.